# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:17CV-P193-TBR

**BILLY C. MASH**                                                       **PLAINTIFF**

**v.**

**JUDGE CRAIG Z. CLYMER** *et al.*                                      **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Billy C. Mash filed the instant *pro se* action on the Court-approved 42 U.S.C. § 1983 complaint form proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

## I.

Plaintiff is a convicted inmate at the Eastern Kentucky Correctional Complex. As Defendants, Plaintiff names the judge, the prosecutor, and an alleged victim involved in a McCracken Circuit Court criminal action against him in which he was convicted of sodomy in 2010. He also sues the former Kentucky Attorney General and an Assistant Attorney General.

Plaintiff maintains that he is African American and was on trial for a crime against a white victim. He states that his constitutional rights were violated during his criminal trial when the only African American member of the jury pool was stricken and he was tried and convicted by an all-white jury. According to the complaint, his conviction was upheld by the Kentucky Supreme Court. Plaintiff states, "All defendants listed are parties directly with the continual violation of plaintiff's constitutional rights, and liable for the unrepairable emotional and mental injury, cruel and unusual punishment, and racial discrimination pursuant to 42 U.S.C. 1981, and

all damages the court finds suitable." Plaintiff further states that his conviction was "based on violation of state and federal constitution rights, statu[t]es, and law, the parties involved can be suiable under 42 U.S.C. § 1981 and § 1983 for racial discrimination, cruel & unusual punishment, violation of due process and rights to a fair trial."

As relief, Plaintiff demands compensatory and damages and injunctive relief in the form of "Reverse/Remand Conviction on Case 09-CR-0570" and "Release from illegal detention (See 28 U.S.C. § 2254[1] filed with this)."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

---

[1] On the same date he filed the instant action, Plaintiff filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the same McCracken Circuit Court conviction that he challenges here. This Court dismissed the habeas petition on April 18, 2018. *See Mash v. Litteral*, Civil Action No. 5:17CV-P194-TBR.

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a convicted party may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74,

81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). In other words, if a ruling on a claim would necessarily render the plaintiff's conviction invalid, the § 1983 claim must be dismissed because it is simply not cognizable until the challenged conviction has been remedied by some other process. *Heck*, 512 U.S. at 487. The *Heck* doctrine also applies to claims arising under other civil rights statutes, such as § 1981. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("*Heck* therefore applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims."); *see also Lacy v. Cty. of Maricopa*, No. CV-06-2865-PHX-FJM, 2008 U.S. Dist. LEXIS 10959, at *15 (D. Ariz., Feb. 1, 2008) (finding that the *Heck* analysis is "equally applicable" to a § 1981 claim).

Plaintiff states that he was convicted in McCracken Circuit Court and that his conviction was upheld by the Kentucky Supreme Court. Moreover, his 28 U.S.C. § 2254 petition for writ of habeas corpus filed in this Court was denied, and his conviction remains valid. Because success on his instant claims challenging the validity of his conviction would necessarily render his conviction invalid, Plaintiff cannot bring suit under § 1981 or 1983 to challenge his conviction. Accordingly, his federal claims must be dismissed for failure to state a claim upon which relief may be granted.

Additionally when state-law claims are premised on the same basis as that made in support of constitutional claims under § 1983, *Heck* also may bar relief on such claims. *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). However, even if Plaintiff's state-law claims were not barred by *Heck*, "[g]iven the Court's determination that Plaintiff's federal claims on

4

this issue must be dismissed, the exercise of jurisdiction over Plaintiff's parallel state law claims appears to the Court to be a needless intervention into state law." *Thomas v. Univ. of Tenn. Hosp.*, No. 3:16-CV-631-TAV-CCS, 2018 U.S. Dist. LEXIS 44003, at *19 (E.D. Tenn. Mar. 19, 2018) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Garcia-Melendez v. Gonzalez*, 227 F. Supp. 3d 160, 173 (D.P.R. 2017)). Therefore, any state-law claims asserted by Plaintiff will be dismissed pursuant to 28 U.S.C. § 1367(c)(3) because the Court declines to exercise supplemental jurisdiction over the claims.

For the above reasons, the Court will dismiss the action by separate Order.

Date:


cc: Plaintiff, *pro se*
 Defendants
4413.010